O

# United States District Court
# Central District of California

| | |
|---|---|
| JAVIER AYALA and MARTHA AYALA,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC COAST NATIONAL BANK; SUNWEST BANK; THE WOLF FIRM; ADOLFO SEDENO; JOYCE COOPER; and DOES 1–100, inclusive,<br><br>Defendants. | Case № 5:16-cv-00723-ODW (KK)<br><br>**ORDER ON PENDING MOTIONS [12, 15, 22] AND TO SHOW CAUSE RE: FAILURE TO SERVE DEFENDANTS** |

## I. INTRODUCTION

This action seeks to prevent or forestall foreclosure on a house and a vacant lot owned by Plaintiffs Javier Ayala and Martha Ayala. Before the Court are Defendant Sunwest Bank's Motions to Dismiss, to Expunge Lis Pendens, and for an Award of Attorneys' Fees, as well as Defendant The Wolf Firm's Motion to Dismiss. (ECF Nos. 12, 15, 22.) For the reasons discussed below, the Court **GRANTS** all three Motions, and further **ORDERS** Plaintiffs to **SHOW CAUSE**, in writing, why Defendants Pacific Coast National Bank, Adolfo Sedeno, and Joyce Cooper should not be dismissed under Rule 4(m) based on Plaintiffs' failure to serve them to date.[1]

---

[1] After consider the moving papers, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. FACTUAL BACKGROUND

Because Plaintiffs' Complaint contains numerous contradictory allegations, and because the documents submitted by Defendants contradict several of Plaintiffs' allegations, the Court finds it difficult to piece together the sequence of events leading up to this lawsuit. As far as the Court can tell, the facts are as follows: Plaintiffs Javier Ayala and Martha Ayala own a house in Indio, California, and a vacant lot in North Shore, California. (Compl. ¶¶ 1–2, ECF No. 1.) In or around November 2008, Defendant Adolfo Sedeno asked Plaintiffs to co-sign a loan for a restaurant business he was starting. (Compl. ¶ 15.) It appears Plaintiffs did so. (*See id.* ¶ 18.) Also in November 2008, both Plaintiffs executed Deeds of Trust transferring legal title of their two properties to Defendant Pacific Coast National Bank. (Compl. ¶ 19; The Wolf Firm Req. for Judicial Notice ("Wolf Firm RJN"), Ex. 1, ECF No. 13; Sunwest Bank Req. for Judicial Notice in Support of Motion to Dismiss ("Sunwest MTD RJN"), Exs. 11–12, ECF No. 15-1.)[2] Defendant Joyce Cooper notarized the Deeds. (*Id.*) It appears that Plaintiffs' properties were used to secure the loan to Sedeno.[3]

Plaintiffs make conflicting assertions as to their understanding of what happened during the loan process. Plaintiffs first allege that they "never went to any banks or spoke to any loan officers and never submitted any loan applications," yet in

---

[2] The Court grants Defendants' Requests for Judicial Notice to the extent the Court relies on those documents in this Order. *See* Fed. R. Civ. P. 201(b); *Ganesan v. GMAC Mortgage, LLC*, No. C 12-1935 MEJ, 2012 WL 4901440, at *1 & n.1 (N.D. Cal. Oct. 15, 2012) (documents recorded on title to a home is subject to judicial notice); *see also Harlow v. LSI Title Agency, Inc.*, No. 2:11-CV-01775-PMP, 2012 WL 5425722, at *2 (D. Nev. Nov. 6, 2012); *Heuslein v. Chase Bank U.S.A., N.A.*, No. 09-CV-1292-IEG RBB, 2009 WL 3157484, at *3 (S.D. Cal. Sept. 24, 2009).

[3] Martha Ayala submitted a declaration to the United States Bankruptcy Court stating, "On or around November 25, 2008, my husband, Javier Ayala, and I executed a Note, Deed of Trust, and Assignment of Rents as guarantees of a loan between Rocklin Desert, LLC, as Borrower . . . and Pacific Coast National Bank, as lender. . . . [The loan was] used to open a restaurant for our daughter and son-in-law." (Sunwest MTD RJN Ex. 1.) Although the Court cannot take judicial notice of the truth of these statements, *see Coal. for a Sustainable Delta v. F.E.M.A.*, 711 F. Supp. 2d 1152, 1172 n.6 (E.D. Cal. 2010), the Court can consider it to the extent it affects Sunwest Bank's Motion to Expunge Lis Pendens.

the next paragraph allege that they understood that "they were going to co-sign for Defendant Sedeno to receive a loan." (Compl. ¶¶ 16–17.) Plaintiffs then state that they "know nothing about" this loan, that their signatures on the loan documents were actually forged, and that they never executed the Deeds of Trust. (*Id.* ¶ 22.) Later in the Complaint, Plaintiffs assert that Cooper had a duty to inform them of the contents and meaning of the Deeds that "Plaintiffs were signing," but in the next sentence assert that they actually did not sign the Deeds at all. (*Id.* ¶ 134.)

Regardless, in December 2014, Pacific Coast National Bank assigned its rights and interest in the properties to Defendant Sunwest Bank. (Sunwest MTD RJN Ex. 13.) In July 2015, Defendant The Wolf Firm was substituted as trustee for the Indio property. (Wolf Firm RJN Ex. 7.) It appears that The Wolf Firm also substituted as trustee for the North Shore property. (Compl. ¶ 6.) On July 21, 2015, The Wolf Firm recorded a Notice of Default and Election to Sell on both properties, which indicated that Plaintiffs owed over $288,000 on the loan. (Sunwest MTD RJN Ex. 14.) In an attempt to avoid foreclosure, Plaintiffs applied for a loan modification with Sunwest Bank; however, Sunwest Bank denied the application. (Compl. ¶ 29.)

On April 19, 2016, Plaintiffs filed this action and recorded a Notice of Pendency of Action on the title to both properties. (ECF No. 1; Sunwest Bank Req. for Judicial Notice in Support of Motion to Expunge ("Sunwest MTE RJN"), Ex. 1, ECF No. 23.) Plaintiffs' Complaint asserts eight state law causes of action and two federal causes of action. (ECF No. 1.) The two federal causes of action are for violation of the Fair Debt Collection Practices Act (FDCPA), and violation of the Real Estate Settlement Procedures Act (RESPA). (*Id.*) On April 26, 2016, Plaintiffs filed an ex parte application for a temporary restraining order, seeking to enjoin a foreclosure scheduled for April 27, 2016. (ECF No. 10.) The Court denied that application, noting that Plaintiffs did not serve the application on Defendants and holding that Plaintiffs, at any rate, did not satisfy the required *Winter* factors. (ECF No. 11.)

On May 17, 2016, Sunwest Bank and The Wolf Firm filed separate Motions to Dismiss Plaintiffs' Complaint. (ECF Nos. 12, 15.) Two days later, Sunwest Bank moved for an order expunging lis pendens and for an award of attorneys' fees. (ECF No. 22.) Although Plaintiffs sought and received two extensions from the Court to oppose these Motions, Plaintiffs ultimately failed to submit any opposition. (ECF Nos. 26–27, 30, 32, 35.) These Motions are now before the Court for consideration.

### III. DISCUSSION

#### A. Motions to Dismiss

Plaintiffs assert ten causes of action against Sunwest Bank and nine causes of action against The Wolf Firm.[4] Sunwest Bank moves to dismiss the FDCPA claim with prejudice on the grounds that a mortgage foreclosure is not a collection of debt within the meaning of that Act, and moves to dismiss the RESPA claim with prejudice based on the expiration of the limitations period. (Sunwest MTD at 8–10.) The Wolf Firm similarly moves to dismiss the FDCPA claim with prejudice on the grounds that it is not a "debt collector" within the meaning of the Act, and moves to dismiss the RESPA claim also based on the expiration of the limitations period. (Wolf Firm MTD at 8–12.) Finally, both Defendants move to dismiss the remaining state law claims based on lack of subject matter jurisdiction. (Sunwest MTD at 10; Wolf Firm MTD at 12.)

Because Plaintiffs failed to timely oppose either Motion, the Court grants both Motions. C.D. Cal. L.R. 7-12 (failure to file a timely opposition may be deemed consent to the granting of a motion); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). The Court dismisses Plaintiffs' FDCPA and RESPA claims with prejudice. Plaintiffs' remaining state law claims are dismissed without prejudice. 28 U.S.C. § 1367(c)(3) (court may decline to exercise supplemental jurisdiction over state law claims after it has dismissed all federal claims); *United Mine Workers of Am. v. Gibbs*,

---

[4] The only claim not asserted against The Wolf Firm is for fraud.

383 U.S. 715, 727 (1966).

### B. Motion to Expunge Lis Pendens and for Award of Attorneys' Fees

#### 1. Expunging Lis Pendens

Sunwest Bank moves for an order expunging the Notice of Pendency of Action that Plaintiffs recorded on the title to the properties. (ECF Nos. 22, 25.) "At any time after notice of pendency of action has been recorded, any party . . . may apply to the court in which the action is pending to expunge the notice." Cal. Civ. Proc. Code § 405.30. The court must order the notice expunged "if the court finds that the pleading on which the notice is based does not contain a real property claim," or if "the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." *Id.* §§ 405.31, 405.32. The claimant bears the burden of proof on both issues. *Id.* § 405.30. Because Plaintiffs failed to oppose this Motion, they necessarily failed to meet their burden of proving that expungement is not warranted.

#### 2. Attorneys' Fees

The prevailing party on a motion to expunge shall be awarded "the reasonable attorneys' fees and costs of making or opposing the motion unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorneys' fees and costs unjust." Cal. Civ. Proc. Code § 405.38. This statute was "enacted to mitigate against and control misuse of the lis pendens procedure." *Trapasso v. Superior Court*, 73 Cal. App. 3d 561, 569 (1977). Fees may be assessed against the losing party only; fees cannot be assessed against the attorney for the losing party. *Doyle v. Superior Court*, 226 Cal. App. 3d 1355, 1359 (1991). Courts generally use the lodestar method to calculate attorneys' fees under § 405.38. *Justo v. Indymac Bancorp*, No. SACV 09-1116JVS AGRX, 2010 WL 623715, at *12 (C.D. Cal. Feb. 19, 2010); *Ayala v. World Sav. Bank, FSB*, 616 F. Supp. 2d 1007, 1022 (C.D. Cal. 2009); *Barkett v. Sentosa Properties LLC*, No. 1:14-CV-01698-LJO, 2015 WL 5797828, at *4 (E.D. Cal. Sept. 30, 2015).

1 Sunwest Bank requests an award of $2,370 in attorneys' fees. (Mot. to Expunge 13, ECF No. 25; Dean Decl. ¶¶ 6–7.) This is based on an hourly billing rate of between $395/hour and $450/hour for Eric Dean, and $350/hour for his associate, Tracy Anielski. (Dean Decl. ¶ 6.) Although Dean states that these rates are "reasonable and in line with those charged by attorneys with similar experience in Orange and Riverside Counties," Sunwest Bank does not produce any further evidence tending to show that these are indeed the prevailing hourly rates in these markets. (*Id.*) *See Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005) ("To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—*in addition to the attorney's own affidavits*—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." (emphasis added)). Given that this motion was not particularly novel or difficult, the Court finds counsel's proposed rates excessive. *Morales v. City of San Rafael*, 96 F.3d 359, 363 & n.8 (9th Cir. 1996) (court may adjust the lodestar figure based on the novelty and difficulty of the questions involved). The Court determines that a reasonable fee for counsel's work is $325/hour for Mr. Dean and $280/hour for Ms. Anielski.

Counsel state that they have spent or will spend 9.5 hours on this Motion, broken down as follows: 3.5 hours preparing and drafting the moving papers, 4 hours for reviewing Plaintiffs' anticipated opposition and drafting a reply thereto, and 2 hours to appear at the hearing on this Motion. (Dean Decl. ¶ 7.) The Court finds the time spent preparing the moving papers reasonable. However, given that Plaintiffs failed to file an opposition and the Court did not hold a hearing, the Court declines to award fees for those tasks.

Finally, Sunwest Bank does not indicate how the tasks between Mr. Dean and Ms. Anielski were divided. The Court concludes that a reasonable division of the 3.5 hours of total time awarded is as follows: 0.5 hour to Mr. Dean, and 3 hours to Ms. Anielski. Based on this, and based on the revised rates for counsel, the Court awards

1  Sunwest Bank a total of $1,002.50 in attorneys' fees.

**C.  Order to Show Cause re: Dismissal of Defendants Pacific Coast National Bank, Adolfo Sedeno, and Joyce Cooper**

Under Federal Rule of Civil Procedure 4(m), if a defendant is not served "within 90 days after the complaint is filed," the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, if the plaintiff shows "good cause" for having not served the defendant, the court "must extend the time for service for an appropriate period." Here, the 90-day deadline expired on July 18, 2016, and Plaintiffs have not filed proofs of service as to Defendants Pacific Coast National Bank, Adolfo Sedeno, and Joyce Cooper. Thus, Plaintiffs must **SHOW CAUSE**, in writing, on or before **August 25, 2016**, why the Court should not dismiss these Defendants without prejudice. Alternatively, Plaintiffs may voluntarily dismiss these Defendants under Rule 41(a)(1)(A)(i) before then.

## IV.  CONCLUSION

For the reasons discussed above, the Court **ORDERS** as follows:

(1) The Court **GRANTS** Defendant Sunwest Bank's Motion to Dismiss as follows: (a) the Court **DISMISSES** Plaintiffs' FDCPA claim and RESPA claim against Defendant Sunwest Bank with prejudice; and (b) the Court **DISMISSES** Plaintiffs' remaining claims against Defendant Sunwest Bank without prejudice. (ECF No. 12.) Defendant Sunwest Bank is hereby **DISMISSED** from this action;

(2) The Court **GRANTS** Defendant The Wolf Firm's Motion to Dismiss as follows: (a) the Court **DISMISSES** Plaintiffs' FDCPA claim and RESPA claim against Defendant The Wolf Firm with prejudice; and (b) the Court **DISMISSES** Plaintiffs' remaining claims against Defendant The Wolf Firm without prejudice. (ECF No. 15.) Defendant The Wolf Firm is hereby **DISMISSED** from this action;

(3) The Court **GRANTS** Defendant Sunwest Bank's Motion to Expunge (ECF No. 22), and hereby **ORDERS** the Notice of Pendency of Action (Instrument

No. 2016-0154639, recorded with the Riverside County Recorder's Office on April 19, 2016) **EXPUNGED**;

(4) The Court awards Defendant Sunwest Bank its attorneys' fees in the amount of $1,002.50 jointly and severally against Plaintiffs Javier Ayala and Martha Ayala;

(5) The Court **ORDERS** Plaintiffs to **SHOW CAUSE**, in writing, on or before **August 25, 2016**, why the Court should not dismiss Pacific Coast National Bank, Adolfo Sedeno, and Joyce Cooper without prejudice.

**IT IS SO ORDERED.**

August 19, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**