O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| JAVIER AYALA and MARTHA AYALA, <br><br> Plaintiffs, <br><br> v. <br><br> PACIFIC COAST NATIONAL BANK; SUNWEST BANK; THE WOLF FIRM; ADOLFO SEDENO; JOYCE COOPER; and DOES 1–100, inclusive, <br><br> Defendants. | Case № 5:16-cv-00723-ODW (KK) <br><br> **ORDER DISMISSING ACTION** |

Under Federal Rule of Civil Procedure 4(m), if a defendant is not served "within 90 days after the complaint is filed," the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, if the plaintiff shows "good cause" for having not served the defendant, the court "must extend the time for service for an appropriate period." Here, the 90-day deadline expired on July 18, 2016, and Plaintiffs have not filed proofs of service as to Defendants Pacific Coast National Bank, Adolfo Sedeno, and Joyce Cooper. Thus, on August 19, 2016, the Court ordered Plaintiffs to show cause on or before August 25, 2016, why the Court should not dismiss these Defendants without prejudice. (ECF No. 37.) Plaintiffs responded

with a request that the Court not dismiss this action for another week so that they could file a complaint in state court against these defendants for fraud. (Aldana Decl. ¶¶ 2–3, ECF No. 38.)

Plaintiffs' response does not show good cause for lack of service, and thus it is within the Court's discretion to either dismiss the defendants without prejudice or order service within a specified period of time. *See Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). The Court concludes that dismissal without prejudice is more appropriate. Plaintiffs' response makes clear that they do not wish to pursue their claims against these Defendants in this forum. While it appears the statute of limitations has passed on all of Plaintiffs' claims, that was true even before this action was filed, and thus this factor does not weigh against dismissal. Moreover, as far as the Court can tell, none of the remaining Defendants received notice of this lawsuit. Finally, notwithstanding the statute of limitation issues, the tenuous nature of the claims against the remaining Defendants—particularly Cooper—also weighs in favor of dismissing these defendants rather than ordering service to take place.

The Court is puzzled by Plaintiffs' request to delay dismissal of the Complaint so that they may refile it in state court. A dismissal of these Defendants without prejudice before then does not bar Plaintiffs from refiling the complaint, *see Matubang v. City & Cty. of Honolulu*, No. CIV. 09-00130ACK-KSC, 2010 WL 2176108, at *4 (D. Haw. May 27, 2010), and thus it is unclear what Plaintiffs believe their request will achieve. Because the Court has an interest in efficiently managing its docket, *see In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006), the Court is not inclined to further delay dismissal of these Defendants.

/ / /

/ / /

/ / /

/ / /

Accordingly, the Court **DISMISSES** Defendants Pacific Coast National Bank, Adolfo Sedeno, and Joyce Cooper without prejudice. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

August 26, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**